ANDERSON COLUMBIA CO., INC.,
Successor by Merger of Columbia
Paving, Inc. Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–405T.

United States Court of Federal Claims.

Nov. 27, 2002.

Kenneth G. Anderson, Jacksonville, Florida, for plaintiff.

Jennifer Dover Spriggs, Washington, D.C., with whom was Assistant Attorney General Eileen J. O'Connor, for defendant.

## OPINION

MEROW, Judge.

This tax case concerns plaintiff's claim for a refund of interest paid. This matter is before the Court on cross-motions for summary judgment. As a result of plaintiff's change in its method of accounting, plaintiff was required to adjust its taxable income upward on a past return and interest was assessed on the difference in tax owed. Plaintiff contends that interest is inappropriate because the consent of the Commissioner of Internal Revenue was required before it could change its method of accounting. Therefore, plaintiff argues, the resulting increase in tax liability did not arise until the consent became effective. Defendant maintains that interest was properly assessed under the applicable statutes and regulations. For the reasons stated below, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted.

## BACKGROUND

The following facts are undisputed. On Sept. 23, 1987, plaintiff Anderson Columbia Co., Inc.[1] filed with the Internal Revenue

---

1. Plaintiff Anderson Columbia Co., Inc. is the successor by merger of Columbia Paving, Inc. In 1988, Columbia Paving was consolidated with Anderson Contracting Company, Inc. to form Anderson Columbia Paving Inc., which was immediately thereafter merged into Anderson Co-

Service ("IRS") a Form 3115 Application for Change in Accounting Method. Plaintiff wished to change its accounting method from the "completed contract method" to the "percentage completion method" beginning with the tax year ending March 31, 1988. The IRS subsequently requested additional information, and plaintiff filed an amended Form 3115 application on November 13, 1989.

In a Consent Agreement executed by the IRS on January 16, 1990, and by plaintiff on March 14, 1990, the IRS granted plaintiff's request for an accounting method change effective for the tax year ending March 31, 1988. Under Internal Revenue Code ("I.R.C.") § 481(a), a taxpayer that changes its method of accounting is required to adjust its taxable income, if necessary, to avoid double deductions or exclusions of items of income as a result of the change. Pursuant to the Consent Agreement, plaintiff was to take one-third of the required § 481 adjustment into account when computing taxable income for each year of the adjustment period, beginning with the year of change.

The Consent Agreement provided, *inter alia*, that:

Permission is hereby granted ... the taxpayer ... to change its accounting method ... provided ... (2) that for any taxable year prior to the year of change there will be no issue pending before the Internal Revenue Service or any Federal Court concerning the accounting method that is the subject of this ruling.

At the time of plaintiff's application for a change in method of accounting, the IRS was investigating plaintiff's accounting methods. Under this audit investigation, the IRS proposed § 481 adjustments to increase plaintiff's taxable income for several previous tax years. After a lengthy examination and appeals process, the investigation was closed June 10, 1992, with no adjustments made.

On January 21, 1992, plaintiff filed a Form 1120X Amended U.S. Corporate Income Tax Return for the tax year ending March 31, 1988. This form showed a balance due of $485,972, pursuant to the change in method of accounting under the Consent Agreement.

Plaintiff paid this tax. On March 10, 1992, the IRS assessed interest on the additional tax due for the tax year ending March 31, 1988, in the amount of $140, 314.41, as well as a delinquency penalty. Plaintiff sought to have both the interest and penalty amounts abated. The IRS agreed to abate the penalty amount, but refused to abate the interest. Plaintiff then paid the interest.

On May 23, 1994, Plaintiff filed a Form 843 Claim for a Refund with the IRS seeking return of the interest paid. This claim was disallowed on July 11, 1994. Plaintiff then filed this action on July 9, 1996. In Count I of its complaint, plaintiff seeks a refund of the interest paid, plus interest, costs and attorneys' fees. In its Reply Brief dated May 24, 2001, plaintiff advised that it had withdrawn Count II of its complaint, which sought review of the Commissioner of Internal Revenue's ("Commissioner") decision not to abate interest. Both parties have moved for summary judgment on Count I.

## DISCUSSION

### A. Summary Judgment Standards

Summary judgment is appropriate when there are no genuine disputes over material facts and the moving party is entitled to prevail as a matter of law. RCFC 56(c); *See Mingus Constructors, Inc. v. United States,* 812 F.2d 1387, 1390 (Fed.Cir.1987). In cases in which both parties move for summary judgment, each party bears the burden of demonstrating the absence of disputes of material facts in its own case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute concerning a material fact exists when the evidence presented would permit a reasonable jury to find in favor of the non-movant. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, in order to prevail upon a motion for summary judgment, a party must demonstrate that no facts exist which would change the outcome of the liti-

lumbia Co., Inc. Anderson Columbia Co., Inc. is the surviving corporation. For convenience,

these corporations shall collectively be referred to as "plaintiff" or "Anderson."

gation under the substantive law governing the suit. *See id.* at 248, 106 S.Ct. 2505.

## B. Merits

 As a general rule, once it is established that taxes due for a given year have not been paid by the last date prescribed for payment, interest related to such taxes must be paid as a matter of law. *See* I.R.C. § 6601. Interest is "not a penalty but is intended only to compensate the Government for delay in the payment of a tax." *Avon Prods., Inc. v. United States*, 588 F.2d 342, 343 (2d Cir.1978). Unless a statutory exception applies, neither the IRS nor the courts have discretion to excuse a taxpayer from payment of interest. *See Johnson v. United States*, 602 F.2d 734, 738 (6th Cir.1979). The last date prescribed for payment of tax is generally the due date for the tax return on which the tax is reported, without regard to any extension of time for filing the return. *See* I.R.C. § 6601(b); *May Dep't Stores Co. v. United States*, 36 Fed.Cl. 680, 683 (1996). Under the statutes and regulations governing corporate income tax returns, plaintiff's return for the fiscal year ending March 31, 1988 was due on June 15, 1988. *See* I.R.C. § 6072(b).

 Plaintiff contends that it did not become liable for the increased tax resulting from the change in its method of accounting until either January 21, 1992, when its amended tax return was filed, or June 10, 1992, when the audit examination closed. Plaintiff's argument is essentially this: 1) Under I.R.C. § 446(e), plaintiff was required to secure the consent of the Commissioner before it could change its method of accounting; 2) Under the Consent Agreement executed by the parties, consent was granted only if "there will be no issue pending before the Internal Revenue Service or any Federal Court concerning the accounting method that is the subject of this ruling;" 3) The audit examination of plaintiff's accounting methods did not close until June 10, 1992; 4) There-

fore, the Consent Agreement was not effective and plaintiff did not actually change its method of accounting, thereby assuming increased tax liability, until June 10, 1992.[2] Defendant does not dispute any of the three premises of plaintiff's argument set forth above, but maintains that interest was properly asserted nevertheless. Although plaintiff's argument has some logical appeal, it is ultimately unpersuasive because it misconstrues the purpose of assessing interest on unpaid tax.

"Congress intended the United States to have the use of the money lawfully due when it becomes due." *Manning v. Seeley Tube & Box Co. of New Jersey*, 338 U.S. 561, 566, 70 S.Ct. 386, 94 L.Ed. 346 (1950). If tax is not properly paid, interest is assessed to compensate for the Government's loss of use of the money, irrespective of the reason for the late payment. *See Suffness v. United States*, 974 F.2d 608, 610 (5th Cir.1993). Even assuming that the Consent Agreement did not become effective until June 10, 1992 when the audit investigation closed, plaintiff would still be liable for interest from the due date of its return under the principles above. I.R.C. § 481 required a retroactive adjustment to plaintiff's fiscal year 1988, 1989 and 1990 tax returns. The result of this adjustment was that plaintiff owed additional tax for 1988, and was owed a refund for 1989 and 1990. However, the adjustment of the returns under I.R.C. § 481 did not affect the due date of the tax under I.R.C. § 6601. Plaintiff's fiscal year 1988 tax return remained due on June 15, 1988, and interest is owed on any underpayment from that date because the government is entitled to use of the money on that date. Similarly, plaintiff is entitled to interest on the overpayments in fiscal years 1989 and 1990, and this interest was refunded to plaintiff.

This approach is supported by both the statutory scheme and the relevant case law. In *Gen. Dynamics Corp. v. United States*, 214 Ct.Cl. 369, 562 F.2d 1201 (1977), the court held that the taxpayer's 1961 change in

---

**2.** It is unclear why plaintiff argues that the date it became liable for the increased tax is either January 21, 1992, when it filed its Form 1120X, or June 10, 1992, when the audit examination was closed. Plaintiff offers no support for why

the date of filing of an amended tax return would affect the date that tax liability arose, and seems to tailor all of its arguments to the June 10, 1992 date.

the way it treated foreign taxes paid related back to its 1958 and 1959 tax returns. As such, it held that the plaintiff's tax liability for those years was calculated from the time fixed for filing those returns and that therefore the plaintiff owed interest to the government from those dates to compensate for the government's loss of use of the money. "To read § 6601 et al. differently would do violence to the plain meaning of those sections." *Id.* at 1207. Similarly, here plaintiff's change in method of accounting relates back to 1988. Its 1988 return must be adjusted to reflect this change, and therefore plaintiff must pay interest on any underpayment of tax. Accordingly, defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED**:

(1) Plaintiff's motion for Summary Judgment is **DENIED**;

(2) Defendant's Motion for Summary Judgment is **GRANTED** and the Clerk is directed to enter final judgment for the Defendant with no costs to be assessed.